UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS RICHARD JOHNSON, SR.,** | : | Case No. 1:05cv2229 |
| | : | |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | |
| **REPUBLIC ENGINEERED PRODUCTS, INC., et al.,** | : | **ORDER** |
| | : | |
| **Defendants.** | : | |

    This matter has been stayed since December 13, 2005, when the Court granted a joint motion to stay the case pending mediation of a similar lawsuit in the Court of Common Pleas for Lorain County, Ohio. The parties have represented to this Court that the state court action in Lorain County arises from the same set of facts; the only difference is that the federal lawsuit is based only on federal causes of action and includes an additional claim under the Federal Medical Leave Act ("FMLA").[1] Upon inquiry, the Court has been informed that mediation in state court was not successful, and that the state court litigation is scheduled for trial in October 2007. Because the reason for the initial stay no longer exists, the Court notified the parties that they could either agree to dismiss this action without prejudice, subject to reinstatement upon motion by Plaintiff that would reinstate the case from the original date of filing, or that the Court would lift the stay and order this litigation to proceed.

---

[1] The joint motion to stay indicated that "any settlement of the Lorain County Lawsuit achieved through mediation would apply to all claims raised in that lawsuit as well as all claims in the present Federal Court lawsuit." (Doc. 3 at p. 2.)

In response, Plaintiff filed a *Motion to Dismiss Without Prejudice With Continuing Jurisdiction Retained By This Court* (Doc. 5). Defendant Republic Engineered Products, Inc. ("Defendant") filed a response in which it consented to dismissal without prejudice on the condition that, if this action is later reinstated, this Court would retain jurisdiction only to the extent that it existed as of September 22, 2005, when Plaintiff filed his complaint in this Court. In addition, Defendant emphasized, as it did in the parties' initial joint motion to stay the case, that it would retain all procedural and substantive defenses that were available to it as of the original filing date.

The Court finds Plaintiff's motion -- and Defendant's concerns -- to be well-taken. Accordingly, the Court **GRANTS** Plaintiff's motion to dismiss this action without prejudice, subject to reinstatement upon written motion by Plaintiff. Upon reinstatement, this action shall be deemed to be reinstated as of the date of the original filing for purposes of the relevant statutes of limitations and the Plaintiff's right to sue letter issued by the Equal Employment Opportunity Commission. Defendant shall have thirty (30) days from the reinstatement to file an answer or other responsive pleading. Reinstatement of this action will not enlarge or diminish the Court's jurisdiction over this matter beyond the jurisdiction that existed as of the original date of the filing. In addition, Defendant shall retain all procedural and substantive defenses that were available to it as of the original filing date. This case, therefore, is **DISMISSED without prejudice** as outlined in this Order.

**IT IS SO ORDERED.**

> **s/Kathleen M. O'Malley**
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

**Dated: May 24, 2007**